IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-CV-2335-MSK-OES

DEBRA ONKEN,

    Plaintiff,

v.

KELLOGG COMPANY, a Michigan Corporation,
KELLOGG SALES COMPANY d/b/a KELLOGG'S FOOD AWAY FROM HOME, a Delaware Corporation
KEEBLER COMPANY d/b/a KELLOGG'S FOOD AWAY FROM HOME DIVISION

    Defendants.

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.  Information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of Plaintiff or Defendants and/or information contained in Defendants' confidential business records, personnel records, documents, materials, and communications. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.  CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys who are actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings;

(e) the Court in this case and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

(g) deponents and witnesses identified in the F.R.C.P. 26 disclosures in this case, including any supplemental disclosures; and

(h) other persons by written agreement of the parties.

5.  Prior to disclosing any CONFIDENTIAL information to any person listed above

(other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), the parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL," or by designating them as "CONFIDENTIAL" in correspondence from counsel to the party producing documents.

7. Documents designated as CONFIDENTIAL should be filed in accordance with D.C.COLO.LCivR 7.3:

**A. Manner of Filing.** The following papers or documents must be placed unfolded in a sealed envelope with a copy of a cover page (see section B. of this rule) affixed to the outside of the envelope:

1. papers or documents ordered sealed by the court;

2. proposed filings of papers or documents submitted under seal with a motion requesting that the documents be sealed; and

3. documents required to be sealed by law.

**B. Cover Page.** The cover page affixed to the outside of the sealed envelope must include:

1. the case caption;

    2. the title of the paper or document;

    3. the name, address, and telephone number of the attorney or pro se party filing the paper or document;

    4. a notation that the paper or document is filed under seal;

    5. the title and date of the court order pursuant to which the paper or document is sealed, if applicable; or

    6. the citation of the statute or other authority pursuant to which the paper or document is sealed, if applicable.

    **C. Copies.** Copies of the papers or documents in sealed envelopes shall be filed in accordance with D.C.COLO.LCivR 10.1L.

    8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate all or any portion of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is given promptly to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

    9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate

motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed timely, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Respectfully submitted,

s/Seth J. Benezra

Seth J. Benezra
John A. Culver
Benezra & Culver, L.L.C.
141 Union Blvd., Suite 260
Lakewood, Colorado 80228
Telephone: (303) 716-0254
Facsimile: (303) 716-0327
E-mail: sjbenezra@bc-law.com

Attorneys for Plaintiff
Debra Onken

s/Brett C. Painter

Brett C. Painter
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, Colorado 80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379
**D.C. Box No. 3**
E-mail: sjbenezra@bc-law.com

Attorneys for Defendant
Kellogg Company, Kellogg Sales
Company and Keebler Company

DATED: 7-7-05

SO ORDERED:

_____
United States District Court Judge